**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **S&S TRUCKING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 09-715-CG-B** |
| | ) | |
| **CANAL INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## <u>ORDER</u>

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 24) and the objection of defendants, Deas Insurance Agency, Inc. ("Deas") and Don Wright ("Wright"), and accompanying brief (Doc. 26). The magistrate judge recommended that this action be remanded to state court because the plaintiff and the two objecting defendants are citizens of the State of Alabama and the defendants failed to establish that the individual defendants were fraudulently joined. Upon a <u>de</u> <u>novo</u> review of those portions of the report and recommendation to which the objection is made, the court agrees with the findings of the magistrate judge and finds that this civil action should be remanded to the Circuit Court of Conecuh County, Alabama.

## FACTS

On September 28, 2009, S&S Trucking, LLC (hereinafter referred to as "S&S Trucking" or the "Plaintiff") filed an action against Canal Insurance Company ("Canal"), Deas, and Wright in the Circuit Court of Conecuh County, Alabama. (Doc. 1, pp. 22-28). The plaintiff alleges that it contacted Wright and Deas, who are agents of Canal, in order to obtain insurance for multiple

1

power units ("tractors") and trailers operated by the plaintiff.  The plaintiff asserts that Wright and Deas were advised that it needed coverage for the tractors and trailers and also for the trailers and cargo when the trailers were detached from the power units, and the plaintiff maintains that the defendants agreed to provide the requested insurance.  However, when the plaintiff filed a claim following the theft of a trailer and its cargo while the trailer was detached from the tractor, the defendants refused to honor the claim for the cargo.  (Id.).

The plaintiff asserts five counts in its complaint.  In the first count, the plaintiff maintains that by refusing to pay benefits under the policy, the defendants are in breach of the insurance contract.  In the second count, the plaintiff alleges that the defendants negligently failed to include a variety of information and coverage in the application and/or policy concerning insurance coverage for cargo while on trailers not connected to the tractors.   In the third count, the plaintiff argues that the defendants wantonly failed to include the same information as stated in count two.  In the fourth count, the plaintiff alleges that the defendant, Canal, engaged in bad faith.  In the fifth count, the plaintiff alleges, in part, that the defendants fraudulently misrepresented that the policy would cover cargo which was on trailers that were not attached to a tractor. (Id., pp. 23-28).

On October 30, 2009, the defendant, Canal, filed a notice of removal in this court asserting that Deas and Wright were fraudulently joined in this action.  (Id., p. 5).  Once these defendants are deemed improperly joined by this court and therefore disregarded, Canal asserts that this court would have diversity of jurisdiction under 28 U.S.C. § 1332(a) because each plaintiff would then be completely diverse from the remaining defendants.  The notice was timely filed and recites that Canal jointly gave notice of removal and that Deas and Wright jointly consent to the removal.  (Id., p. 4).  Canal attached an affidavit of Wright in support of its

notice of removal. (Doc. 1-1, Ex. E, p. 142). In the affidavit, Wright avers that he is president of Deas , that he is the independent insurance agent that procured the policy in question, and that neither he nor Deas is a party to the policy. Wright also maintains that he did not agree to procure coverage for the loss alleged in the plaintiff's complaint, that the plaintiff never raised with him the issue of procuring insurance for the loss alleged in the complaint, and that neither he nor Deas played any part in the decision to deny the claim. (Id.).

On November 6, 2009, Deas and Wright filed a motion for summary judgment or, in the alternative, to dismiss the plaintiff's case against them for the same reasons stated in the notice of removal. (Doc. 10). On November 25, 2009, the plaintiff filed a motion to remand the action back to the Circuit Court of Conecuh County, Alabama, because the matter was improperly removed due to the lack of complete diversity between the plaintiff and all of the defendants. (Doc. 15). The plaintiff attached an affidavit of Donald Salter, who is the president of S&S Trucking, to its motion to remand. (Doc. 15-1, Salter Aff. (1), p. 3). The plaintiff thereafter filed a response to the motion for summary judgment on December 16, 2009 (Doc. 20), and the plaintiff attached a second affidavit of Donald Salter. (Doc. 20-1, Salter Aff. (2)). The magistrate judge properly summarized the two affidavits as follows:

> Salter avers that he is president of S & S, and that he contacted Don Wright and Deas Insurance in order to obtain insurance coverage for trucks and trailers operated by S & S Trucking. According to Salter, S & S Trucking already had "bobtail insurance," which provides insurance coverage for cargo and trailers when they are not attached to a tractor, through another carrier. Salter avers that he discussed with Wright that, because of the type of loads hauled by S & S Trucking, the drivers for S & S Trucking had a standard location (Bolton's Service Station) to leave a trailer and load when the drivers had to unhook and drive the tractor home. (Doc. 20-1). Salter alleges that Wright and Deas Insurance agreed that "bobtail" coverage was needed, and that Wright and Deas Insurance would procure the necessary coverage for Plaintiff. Salter further avers that he paid the premiums for the insurance, and that the policy was issued by Canal Insurance Company on August 6, 2008; however, he did not receive the policy until a few days

before the loss on August 31, 2009. Salter asserts that the policy included a
business auto declarations page that included the trailers owned and used by
S&S Trucking as scheduled vehicles, and that entire policy, with all the
declarations, endorsements and provisions, consists of approximately 147
pages. According to Salter, at the request of S & S Trucking, Wright and
Deas Insurance prepared certificates of coverage for the truck cargo brokers
with whom Plaintiff did business, and the certificates listed all trailers
owned by S & S as scheduled vehicles and also listed cargo coverage.
Salter also asserts that when he filed a claim for loss after a trailer and load
that were not attached to a tractor were stolen, Canal Insurance paid the
claim for the trailer, but denied the claim for the load on the ground that S &
S did not have such coverage under the policy procured by Wright and Deas
Insurance. (Docs. 15-1, Ex. 3; 20-1).

(Doc. 24, pp. 5-6).

On May 13, 2010, the magistrate judge recommended that the plaintiff's motion to

remand the case be granted . Specifically, the magistrate judge held that S & S could not recover

against Deas or Wright on its breach of contract claim because they were not parties to the

contract, but found that there was a possibility that S & S could recover on its negligence and

wantonness claims, thus precluding a finding of fraudulent joinder. (Doc. 24, pp. 10-11). In

regard to the defendants' arguments that "Plaintiff's negligence claim is barred due to the

contributory negligence of S & S Trucking", the magistrate judge concluded that this alleged

contributory negligence does not bar the plaintiff's wanton and negligence claims "as a matter of

law" because "Plaintiff has alleged that the policy consisted of approximately 147 pages, that the

policy was not received until a couple of days before the loss, that Defendants represented that

'bobtail' coverage was included, and at Plaintiff's request, Defendants provided certificates of

insurance for Plaintiff's cargo brokers which reflect that Plaintiff had automobile coverage and

cargo coverage procured through Canal Insurance." (Id., pp. 12-13). On May 27, 2010, the

defendants, Deas and Wright, objected to the report and recommendation in one core respect,

asserting that the magistrate judge erred in finding "that the record does not establish that

Plaintiff, S & S Trucking, LLC, was contributorily negligent as a matter of law where Plaintiff failed to review and raise concerns with the insurance policy at issue."  (Doc. 25, p. 1).

## LEGAL DISCUSSION

The defendants do not dispute the legal standard governing fraudulent joinder.  The Eleventh Circuit has stated that "a court must remand the matter back to  state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed."  To avoid this remand, a defendant may prove that a co-defendant was fraudulently joined, and if proven, the Eleventh Circuit stated that a "district court must [then] ignore the presence of the non-diverse defendant and deny any motion to remand..."  To prove this, the defendant "must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'"  Furthermore, "[t]he defendant must make such a showing by clear and convincing evidence."  <u>Henderson v. Washington Nat'l Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006)(quoting <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997)).

The defendants also do not contest that an insurance agent or broker who procures insurance for a client and negligently fails to do so can be liable for the damages arising from said negligence.  Furthermore, the defendants do not disagree with the magistrate judge's finding that "Plaintiff has alleged facts sufficient to establish a negligence claim against Defendants, Wright and Deas Insurance. " (Doc. 24, p. 11)(citation omitted).  The magistrate is correct that under Alabama law, "a claim in tort alleging a negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance… requires demonstration of the classic elements of a negligence theory, i.e., '(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury.[']"  (<u>Id.</u>, pp. 10-11)(quoting <u>Kanellis v. Pac. Indem. Co.</u>, 917 So.2d 149, 155 (Ala.Civ.App.

2005)(citations omitted)); see Bryan v. Lexington Ins. Co. and Orange Beach Ins. Agency, 2006 WL 2052524, at *23 (S.D.Ala July 20, 2006)("Alabama law is clear that 'when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom." (citations omitted). The magistrate judge was also correct that the plaintiff alleged facts in its complaint and accompanying affidavits which are sufficient to establish a negligence claim against Deas and Wright.

However, the defendants contest the magistrate judge's finding that the facts do not establish that the plaintiff was contributorily negligent as a matter of law. (Doc. 25, p. 1). Under Alabama law, "contributory negligence is a complete defense to a claim based on negligence." (Doc. 24, p. 12)(citing Kanellis, 917 So.2d at 155). The defendants assert that since the plaintiff "was charged with constructive knowledge of the policy's provisions and terms" and since the plaintiff failed to review and raise concerns about the insurance policy prior to the theft, the court should find the plaintiff to be contributorily negligent. (Doc. 26, pp. 5-8).

The defendants are correct that "[t]he right of reliance [or an agent's representations] comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests", thus insureds have a duty to read their insurance policies. Foremost Ins. Co. v. Parham, 693 So.2d 409, 433 (Ala. 1997). Furthermore, the defendants are right that "an insurance agent cannot be held liable due to plaintiff's own negligent failure to ensure they received the policy they expected." BDB, L.L.C. v. James River Ins. Co., Civ. 6:07-cv-01985-SLB, at *7 (N.D.Ala. Sept. 30, 2008) or (Doc. 17, p. 17). However, contrary to the defendants' assertions otherwise, a plaintiff is not contributorily negligent as a matter of law merely because it failed to review the insurance policy the moment the plaintiff received it.

Rather, as stated clearly in <u>BDB, L.L.C.</u>, a trier of fact must determine that a plaintiff was

<u>negligent</u> in its failure to read the insurance policy and only then shall a plaintiff be deemed

contributory negligent.[1]

The Alabama Supreme Court maintains that a question of contributory negligence is

generally for the jury, and it is only when the facts are such that all reasonable men must draw

the same conclusion does contributory negligence become a question of law for the court. <u>Jones</u>

<u>Food Co. v. Shipman</u>, 981 So.2d 355, 369-370 (Ala. 2006)(citations omitted).  Therefore, this

court does not need to reach a definite pronouncement of whether the plaintiff's failure to review

the policy in the present case constituted negligence, because in reviewing a motion to remand in

light of a fraudulent joinder claim, the precise contours of the plaintiff's failure are not relevant.

The Eleventh Circuit has made it clear that this court may deny a motion to remand only if the

defendants have proved by clear and convincing evidence that there is "<u>no possibility</u>" that the

plaintiff "can establish a cause of action against the []resident defendant…"  <u>Henderson</u>, 454

F.3d at 1283 (emphasis in original)(citations omitted).  In other words, remand must be granted if

"after drawing all reasonable inferences from the record in the plaintiff's favor and then

resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable

basis for predicting that the state law <u>might</u> impose liability on the facts involved."  <u>Crowe</u>, 113

F.3d at 1541-1542(emphasis in original)(citation omitted)("In the remand context, the district

court's authority to look into the ultimate merit of the plaintiff's claims must be limited to

checking for obviously fraudulent or frivolous claims.  Although we have said that district courts

---

[1] <u>BDB, LLC v. James River Ins. Co.</u>, 6:07-cv-01985-SLB, at *7 (N.D.Ala. Sept. 30, 2008) is clearly distinguishable to the present case because the plaintiff in that case received the insurance policy approximately a year prior to the alleged loss and not approximately two days before the alleged loss as in this case.

may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). As a result, if, after examining the plaintiff's complaint and accompanying affidavits in this case, this court is able to say that there is any possibility, no matter how small, that an Alabama state court might find that the plaintiff was not negligent in its failure to review the insurance policy prior to the theft, then the Eleventh Circuit has mandated that this court shall grant the plaintiff's motion to remand.

It is undisputed that the plaintiff failed to review the insurance policy prior to the theft, but the magistrate judge properly concluded that this failure, in light of all the facts from the record, is not negligent as a matter of law. (See Doc. 24 pp. 12-16). A trier of fact could conclude from the facts of this case that the plaintiff was not negligent in its failure to review the policy and raise concerns before the theft, especially since the plaintiff has alleged that the policy consists of approximately 147 pages, that the policy was not received until a couple of days before the loss, and that the defendants represented that the "bobtail" coverage was included. The defendants' arguments – that the plaintiff had constructive notice of the terms of the policy upon receipt and that the plaintiff had three days to read the policy which it should have read immediately upon receipt[2] – may ultimately be victorious in establishing contributory negligence at trial, but this court is unable to say at this stage that there is no possibility that the plaintiff has colorable claims of negligence and wantonness against Deas and Wright. See Crowe, 113 F.3d at 1538 ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."). The decision as to contributory negligence is for the state court, "and for the federal court to interpose

---

[2] (See Doc. 26, pp. 9-13)

8

its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." Henderson, 454 F.3d at 1284.

Since the defendants have not shown by clear and convincing evidence that Deas and Wright were fraudulently joined, this potential liability is sufficient to establish the lack of complete diversity between plaintiffs and defendants and thus this court's lack of jurisdiction over the action. Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1299 (11th Cir. 2007)("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that the joinder of the resident defendant was fraudulent, and remand is necessary."); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.") superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

**CONCLUSION**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge is **ADOPTED** as the opinion of this court. It is **ORDERED** that this case be and is hereby **REMANDED** to the

Circuit Court of Conecuh County, Alabama. The court having granted the plaintiff's motion to remand, finds that the defendants' motion for summary judgment (Doc. 10) is **MOOT**.[3]

      **DONE** and **ORDERED** this 18th day of June, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[3] Because the court has determined that this case should be remanded to state court, this court then does not have subject matter jurisdiction to determine any other motions. See Univ. of S. Ala. v. Am. Tobacco Corp., 168 F.3d 405, 411 (11th Cir. 1999).